Tai Bin OUYANG, also known as Ouyan, Tai Bin, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 04–1810–AG.

United States Court of Appeals, Second Circuit.

March 13, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Michelle G. Tapken, Acting United States Attorney for the District of South Dakota, Mark E. Salter, Assistant United States Attorney, Sioux Falls, South Dakota, for Respondent.

Present: Honorable AMALYA L. KEARSE, Honorable SONIA SOTOMAYOR, and Honorable BARRINGTON D. PARKER, Jr., Circuit Judges.

SUMMARY ORDER

Petitioner Tai Bin Ouyang, through counsel, petitions for review of so much of the BIA decision as affirms the decision of the Immigration Judge ("IJ") denying his applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion, this Court reviews the IJ's decision. *See Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005); *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the IJ's findings of fact under the substantial evidence standard. Accordingly, we will not reverse a finding unless a reasonable adjudicator would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. *See* 8 U.S.C. § 1252(b)(4)(B). We review the IJ's application of law to fact *de novo. See, e.g., Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

The BIA has defined "persecution" to include "the infliction of suffering or harm upon[ ] those who differ in a way regarded as offensive," *Matter of Acosta,* 19 I. & N. Dec. 211, 222 (BIA 1985), and we have "accept[ed] the proposition that an imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution," *Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005) (internal quotation marks omitted). To constitute persecution, adverse conduct must rise above the level of unpleasantness, annoyance, or harassment. *See, e.g., Nelson v. INS,* 232 F.3d 258, 263 (1st Cir.2000).

█ In the present case, Ouyang presented no evidence of past persecution, testifying that he had not experienced any problems with government officials prior to his departure from China—an illegal departure without proper documentation after Ouyang had hidden a friend who was wanted by the Chinese government for organizing a Falun Gong demonstration and a subsequent call from Ouyang's father stating that the police had come to Ouyang's family's store asking to see Ouyang. Ouyang's asylum application stated, "If I return [to] China, the Chinese government will prosecute me under the name of illegal departure and harboring the criminal." Such ordinary criminal charges based on Ouyang's admitted conduct would not necessarily indicate that the Chinese government imputes to Ouyang the disfavored political beliefs of his friend. The only evidence of such imputation was Ouyang's testimony speculating that "the Chinese Government, right now have cracked down on Falun Gong and they, because I had my friend to hide in my house ... *the Chinese government are thinking* that I was involved also." (Emphasis added.) The only acts attributed to the police, however, were their arrival at Ouyang's family's store and their asking to see Ouyang. Absent any other evidence as to the Chinese Government's views of Ouyang, we cannot conclude that the IJ erred in ruling that the police inquiry was insufficient to give rise to a reasonable fear of persecution.

We have considered all of petitioner's contentions in support of this petition for review and have found them to be without merit. The petition for review is denied.

The stay of removal previously granted in this matter is hereby vacated.